[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT CARDI'S MOTION TO STRIKE
The defendant, Cardi Corporation, was the general contractor on a state road reconstruction project. On October 11, 1996, Cardi entered into a subcontract with the plaintiff company to perform certain work on the project. The plaintiff alleges in its complaint that it completed all of the work it was obligated to do under the subcontract. In the first count the plaintiff has sued the defendant in accordance with its rights under the contract and § 49-41a of the Connecticut General Statutes.
The present motion to strike is filed against the second count which purports to state a claim under § 49-41b(2) of the Connecticut General Statutes. That statute in relevant part says that:
 "When any public work is awarded by a contract for which a payment bond is required by section 49-41 and such contract contains a provision requiring the general or prime contractor under such contract to furnish a performance bond in the full amount of the contract price, the following shall apply:
. . .
 (2) In the case of a contract advertised by the state Department of Transportation. . . . (B) any such general or prime contractor shall not withhold more than two and one-half percent from any periodic or final payment which is otherwise due to any subcontractor.
The second count alleges Cardi was wrongfully withholding 10% retainage CT Page 1414 when under the statute is was only authorized to withhold 2 1/2%. The count relies on § 49-41 b(2) to claim that it is owed the contract balance based on 2 1/2% retainage plus interest.
The defendant has moved to strike claiming § 49-41b(2) does not afford a private cause of action and in any event that the second count does not allege that the contract between the Department of Transportation and Cardi required Cardi to post a performance bond.
Private Cause of Action
Section 49-41b(2) does not explicitly provide for a private cause of action but this does not preclude a finding that such a remedy is implicit in the statutory scheme. For example, in Napoletano v. Cigna,238 Conn. 216, 249 (1996) and Skakel v. Benedict, 54 Conn. App. 663, 686
(1999) the courts found that a private cause of action was implicitly created by the legislative provisions before the court although no explicit remedy was set forth in the statute. Both courts relied on the test set forth in Cort v. Ash, 422 U.S. 66, 78 (1 975) to determine "whether a private remedy is implicit in a statute not expressly providing one." The Restatement (Second) Torts incorporates much of the holding of Cort v. Ash, supra, at § 874A and the court will examine the factors set out in subsection (h) to decide whether there should be tort liability for violation of a legislative provision not explicitly providing for one. The subsection (h) factors suggest that here such a remedy is appropriate:
(1) The legislative provision § 49-41b(2) is specific and lets the actors know what conduct is prohibited.
(2) As to the adequacy of existing remedies, there appears to be no remedies provided and declaratory or injunctive relief will not be effective tools to accomplish the legislative purpose apart from the provision of a damage remedy.
(3) Existing methods of enforcement of the legislative policy will not be interfered with since there is apparently no administrative regulatory scheme provided for. cf. Middletown v. Hartford Electric Light Co.,192 Conn. 591, 596 (1984), nor is there even a provision for a civil penalty. Holly Hill Holdings v. Lowman, 30 Conn. App. 204, 220 (1993) (see also as this applies to consideration 2, supra).
(4) The public policy behind the legislation seems important since this provision will ensure a pool of subcontractors willing to work on state projects thereby encouraging lower construction costs for government construction projects. CT Page 1415
(5) Allowing a private remedy will not constitute a "drastic" change in the law or create a remedy difficult to understand and apply.
(6) No great burden will be placed on the judicial machinery. Section49-41b(2) is aimed at a particular problem in a discrete industry; permitting a private cause of action will not produce a flood of litigation. Also, the plaintiff here appears to be within that group of entitles for whose benefit the statute was adopted, comment c of Restatement, Skakel v. Benedict, at 54 Conn. App. p. 586.
The private cause of action in damages should be permitted.
Performance Bond
Section 49-41b(2) becomes operative only when the operative contract requires the general contractor "to furnish a performance bond in the full amount of the contract price." That is not alleged in the second count so the court will strike the count but only on this basis. If the appropriate allegations are made, the court, as indicated, believes §49-41b(2) permits a private cause of action.
Corradino, J.